# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3637

_____

Clayton Walker

*Plaintiff - Appellant*

v.

Shawn Peterson; Brian Franklin, in their individual capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: August 21, 2014
Filed: August 28, 2014

_____

Before BYE, SMITH, and KELLY, Circuit Judges.

_____

PER CURIAM.

Clayton Walker appeals after the district court[1] entered judgment on an adverse jury verdict in his 42 U.S.C. § 1983 action. On appeal, Walker challenges the manner in which the jury was instructed, the denial of his motion for a new trial, and the entry

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

of judgment on his unlawful-arrest claim. He also newly asserts misconduct by the district court clerk, opposing counsel, and others.

After careful review, we conclude that the district court did not abuse its discretion in instructing the jury, see Lampkins v. Thompson, 337 F.3d 1009, 1014-15 (8th Cir. 2003) (form of jury instructions generally reviewed for abuse of discretion), or in denying Walker's motion for a new trial, see Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000) (denial of motion for new trial is reviewed for clear abuse of discretion); see also United States v. Dean, 667 F.2d 729, 734 (8th Cir. 1982) (en banc) (appellant waived right to new trial by not bringing issue of juror misconduct to court's attention before verdict was returned). We also conclude that the district court did not err in entering judgment against Walker on his unlawful-arrest claim. See Hill v. McKinley, 311 F.3d 899, 902 (8th Cir. 2002) (post-trial qualified-immunity determination reviewed de novo), see also Joseph v. Allen, 712 F.3d 1222, 1226 (8th Cir. 2013) (officer is entitled to qualified immunity for warrantless arrest if it was supported by at least arguable probable cause). Finally, we decline to consider Walker's remaining assertions of misconduct. See Orr v. Wal-Mart Stores, Inc., 297 F.3d 720, 725 (8th Cir. 2002) (argument raised for first time on appeal ordinarily is not considered). Accordingly, we affirm. See 8th Cir. R. 47B. In addition, Walker's motion for oral argument is denied.

———————————————————